JAMES TRACY, in equity, *vs.* JOSEPH LE BLANC.

Androscoggin.    Opinion July 30, 1896.

*Nuisance. Equity. Law.*

When a nuisance is prospective and threatened, a court of equity may interfere to prevent its being brought into existence; but when what is claimed to be a nuisance already exists, the general rule is that the fact that it is a nuisance must be established by a suit at common law before a court of equity will interfere to abate.

This general rule is subject to exceptions, as in cases of pressing or imperious necessity, or where the right is in danger of being injured or destroyed, or where there is no adequate remedy at law.

The parties were owners of adjoining lots of land on the southerly side of Main Street in the City of Lewiston. On each lot there was a three-story frame building occupying nearly the entire width of the lot, the fronts of the first story of the two buildings being substantially on a line and within two or three inches of the street limit. The plaintiff occupied the whole of his building as a furniture store; the first story of the defendant's building was used as a shop,—the upper two stories as tenements. The defendant's building, above the first story, had a circular front nearly the entire width of the building, which projected in the centre, about two and one-half feet over the street line,—the lowest part of the projection being from twelve to thirteen feet above the sidewalk.

The plaintiff alleged in his bill that this projection was a nuisance and that he was specially injured thereby, in that the view from the upper stories of his building was to some extent shut off; and that the front of his upper stories where he had previously been accustomed to display his wares and merchandise, could not be seen by persons passing along certain portions of the street, and that thereby he was injured in his business. He, therefore, prayed for a mandatory injunction to compel the defendant to remove the alleged nuisance and to perpetually enjoin him from maintaining the same in the future.

*Held;* that the case is not one which calls for the interference of the chancery court to grant the relief prayed for.

ON REPORT.

The case is stated in the opinion.

*F. L. Noble and R. W. Crockett,* for plaintiff.

In cities and towns where stores and warehouses are built to the street line and where shop-houses are accustomed to display their wares from their windows, no obstruction to the view either from the stores themselves or from the street, in the way of bay windows or swell fronts extending over the street line on adjoining buildings should be allowed to be erected and remain to the damage of their business. And when such obstructions exist and the damage caused thereby is proved, as in this case, a court of equity will lend its aid to enjoin the nuisance thus occasioned.

This is a private nuisance which entitles the complainant to relief in equity unless he has a plain, adequate and complete remedy at law. *Lockwood* v. *Lawrence,* 77 Maine, 297; *Creely* v. *Bay State Brick Co.,* 103 Mass. 514.

The injury to the complainant is permanent and continuous, and a judgment for damages would not furnish him adequate relief. In order to deprive him of the aid of equity by injunction, it must appear that the remedy at law is as practical and efficient to serve the ends of justice and its proper and prompt administration as the remedy in equity. And unless this is shown, a court of equity may lend its extraordinary aid by injunction notwithstanding the existence of a remedy at law. I High on Injunctions, § 30; *Lockwood* v. *Lawrence,* supra; *Cadigan* v. *Brown,* 120 Mass. 493.

Especially is this the case when the injury is of such a nature that from its continuance or permanent mischief, it must cause a constantly recurring grievance which cannot otherwise be prevented. Adams, Eq. 211. *Webber* v. *Gage,* 39 N. H. 186; *Cadigan* v. *Brown,* and *Lockwood* v. *Lawrence,* supra.

The grounds upon which equity takes jurisdiction is that the injury complained of is irreparable, or of such a nature that there is no adequate remedy at law. *Varney* v. *Pope,* 60 Maine, 195; *Coe* v. *Winnipiseogee Mfg. Co.,* 37 N. H. 263; Gould on Waters, § 506 and cases.

Revised Statutes c. 17 has reference to obstructions or incumbrances placed upon highways. The nuisance claimed, in this case, is a swell-front projection extending the entire width of the building on the upper stories of said building shutting out the complainant's view up Main Street and obstruction to his display of wares and merchandise. *Lyons* v. *Woodward*, 49 Maine, 29 p. 30.

In *Reimer's Appeal*, 100 Pa. St. 182, (45 Am. Rep. 373,) it was held that a bay window in the second story of a city house sixteen feet above the sidewalk and projecting three feet six inches beyond the building line was a public nuisance, which could not be justified by ordinance, and its construction might be enjoined by the public, the court declaring that the law upon the point was so plain and well settled as to require no discussion.

In *Codman* v. *Evans*, 5 Allen, 308, in which damages were sought to be recovered for the erection of a bay window extending over into the plaintiff's land, the court say on page 311: "For in the present case the plaintiff not only has a right to have the whole space occupied by the street open, from the soil upwards, for the free admission of light and air, and the prospect unobstructed from every point, but it is a right of appreciable value in reference to himself and his grantees, who are proprietors of the land adjoining the way. If the defendant may obstruct the light and air by means of a bay window, he may by a much larger structure, and thereby greatly injure the property bounding on the street."

The special damage which the complainant must prove need only be slight. It is sufficient if he prove that he has lost trade by the obstruction. *Callahan* v. *Gilman*, 52 N. Y. 112.

The rule seems to be, that the law gives an abutting owner no right to build a swell front or bay window projecting over the building or street line, and an adjoining owner who suffers damage thereby may apply to a court of equity for relief as the complainant in this suit has done. It would be a dangerous precedent to allow the former to project his bay window only a small distance over the line, for as the court say in *Codman* v. *Evans*, supra, he might project it a greater distance, making it impossible to deter-

mine how far he might go without overstepping the bounds of the law.

*W. H. Newell and W. B. Skelton*, for defendant.

The testimony does not show that the structure or its maintenance constitutes a common nuisance.

The plaintiff has not shown any damage special and peculiar to himself.

If the plaintiff has any remedy he must first establish it at law.

If damaged at all, the plaintiff has a plain, adequate and complete remedy at law.

The plaintiff, if entitled to relief, has mistaken his remedy.

It is undoubtedly true that the public has the right to the use of the entire width of the street, if necessary, to reasonably accommodate public travel. But the right of the public therein is that of passing and repassing, and the title to the soil, subject to the easement of passage in the public, is in the abutting owner. *Stackpole* v. *Healy*, 16 Mass. 33.

The lower surface of the structure is more than twelve feet above the sidewalk, and at the widest point, which forms the cord of the arc of curvature, it projects only twenty-eight inches over the street line. It does not obstruct public travel, and has not deflected the same from its usual course. It is not claimed and the evidence does not show, that one individual of the general public has, by its maintenance, lost a second of time, traveled an inch farther, been hindered from visiting plaintiff's store, or directly or indirectly suffered a moment's annoyance.

The only complaint is that the view from a few feet of sidewalk to and from the second and third story-windows is partially obscured. He can show no damage to his business, and no annoyance from the occupancy of defendant's building. He, in fact, makes such a complaint as every owner of a building on a business street in Lewiston, or any other city, might make of his next door neighbor. But such a condition of things must necessarily exist, is incident to the conduct of business on a crowded street and is, if it exist at all, damnum absque injuria.

It is apparent that the plaintiff has suffered no legal damage to

person, feelings, business or property by the maintenance of defendant's structure—and in order to maintain an action in any form he must prove damage special and particular to himself.

In *Hay* v. *Weber*, 79 Wis. 587, 24 Am. Rep. 737, the court held, "that the abutter owned the fee to the center of the street, that to maintain a private action for a public nuisance, the injury sustained must be such as not merely differs in degree but in kind, from that which is sustained by the public." The remedy sought was denied and the court said, "that it is difficult to perceive how such obstruction could result in such damage, but assuming that it would, yet such damage would be too remote and speculative to constitute the basis of a private action at law or in equity."

If the plaintiff is entitled to a remedy, it must be by an action on the case under R. S., c. 17, § 12.

SITTING: PETERS, C. J., WALTON, FOSTER, HASKELL, WISWELL, STROUT, JJ.

WISWELL, J. This bill in equity is brought to the law court upon report of bill, answer and proofs.

The parties are owners of adjoining lots of land on the southerly side of Main Street in the city of Lewiston. On each lot there is a three-story frame building occupying nearly the entire width of the lot; the fronts of the first story of the two buildings are substantially on a line and within two or three inches of the street limit. The complainant occupies the whole of his building as a furniture store; the first story of the defendant's building is used as a plumber's shop,—the upper two stories as tenements. The defendant's building, above the first story, has a circular front, nearly the entire width of the building, which projects, in the centre, about two and one-half feet over the street line; the lowest part of the projection is from twelve to thirteen feet above the sidewalk.

It is alleged in the bill that this projection is a nuisance, that the complainant is specially injured thereby, in that the view from the upper stories of his building has been to some extent shut off, and that the front of his upper stories, where he had previously

been accustomed to display his wares and merchandise, cannot be seen by persons passing along certain portions of the street, and that thereby he has been injured in his business. He, therefore, asks this court to grant a mandatory injunction, to compel the defendant to remove the alleged nuisance and to perpetually enjoin him from maintaining the same in the future.

We do not think that the complainant's case is one which calls for the interference of the chancery court by granting the relief prayed for. The injunction asked for is not to prevent the creation of a nuisance, but to compel its removal and to enjoin its continuance. The defendant's building had been erected and completed in the manner described before the commencement of these proceedings.

" When the alleged nuisance is prospective and threatened, a court of equity may interfere to prevent its being brought into existence. When what is claimed to be a nuisance already exists, the general rule is, that the fact that it is a nuisance must be established by a suit at common law before a court of equity will interfere to abate." *Varney* v. *Pope*, 60 Maine, 192. This has always been the doctrine in this State. *Porter* v. *Witham*, 17 Maine, 294; *Jordan* v. *Woodward*, 38 Maine, 423; *Morse* v. *Machias Water Power Co.*, 42 Maine, 119.

It is true that this general rule is subject to exceptions. In cases of pressing or imperious necessity, or where the right is in danger of being injured or destroyed, or there is no adequate remedy at law, equity will interfere. *Lockwood Co.* v. *Lawrence*, 77 Maine, 297. But, we do not think that the complainant has shown a case which comes within the exceptions to the rule. There can be no pressing nor imperious necessity for relief by injunction. There is no danger of irreparable injury, nor of his right being destroyed. If the condition and position of the defendant's building has created a private nuisance or a public nuisance, from which the complainant has suffered a special and particular injury, he has a plain and adequate remedy at law. Although the condition complained of is a continuing one, that need not cause a multiplicity of suits nor vexatious litigation, because if he should establish at law that the nuisance exists, that

is that the condition above described is a nuisance which causes him special and particular injury, he would then be entitled to the relief that he now asks for.

As was said in *Haskell* v. *Thurston*, 80 Maine, 129, this court has always, "considered the remedy by injunction an extraordinary remedy, and only to be used when it is evident that the ordinary remedy at law will not afford adequate relief."

The entry will therefore be,

*Bill dismissed with costs for the defendant.*